Victor L. Anfuso, J.
This personal injury action came on for trial in Part VII on March 25, 1963. After counsel had opened to the jury, it was settled with the aid of the court for $3,475 without interest, costs or disbursements but subject to attorney’s fees and all liens.
*554 Now plaintiff moves to fix the compensation and disbursements of her former attorney. The former attorney was disbarred in June, 1961, for reasons unrelated to this litigation.
The court notes at the outset that the moving papers were served pursuant to and contained the caveat prescribed by rule 64 of the Rules of Civil Practice. Counsel for the disbarred lawyer served his answering affidavit well in advance of the time limited by the rule. Counsel for plaintiff served a reply affidavit on the return date of the motion, to which the disbarred lawyer’s counsel responded by letter dated the next business day and plaintiff’s counsel answered by a letter of her own, • The court cannot condone the practice of submitting letters in lieu of verified papers and insists that papers be complete at the time of argument. Since the letters contain no factual material but are in the nature of a brief, the letters will be considered.
It appears that the disbarred lawyer was engaged under a 50% contingent retainer at a time when such arrangements were permissible in negligence matters. The successor attorney was engaged at a time when subdivision (5) of rule 4 of the Special Rules Regulating Conduct of Attorneys in this Department was in effect and he made a retainer agreement based upon the sliding scale. The disbarred lawyer recognizes that his compensation must be fixed on a quantum meruit basis (Tiringer v. Grafenecker, 38 Misc 2d 29 [App. Term, 2d Dept.) and cases therein cited). He contends, however, that in determining the amount, the total fund available for legal fees to all attorneys should be measured by the 50% retainer. Plaintiff vigorously urges that total compensation cannot exceed the sum payable under the sliding scale.
No authority seems to be available to support either proposition. Subdivision (5) of Special Rule 4 does not appear on its face to have retroactive effect and, indeed, its headnote states that it “ shall apply only to compensation of an attorney in a claim or action wherein the attorney is retained subsequent to August 31, 1960.” The filed papers establish that the disbarred attorney was retained prior to 1958 and his agreement must be excluded from the proscription of the Appellate Division rule. The court agrees with the conclusion of the Committee on Professional Ethics of the Brooklyn Bar Association (Ethical Queries and Answers, N. Y. L. J., June 7, 1961, p. 4, cols. 2-3): 1 ‘ the disbarred attorney A would be entitled to the reasonable value of his services rendered prior to disbarment, provided that the total amount of fees required to be paid by the client to both A and B shall not exceed the amount ivhich the client would have been obligated to pay if A had not been disbarred ” *555 (emphasis supplied). Subdivision (5) of Special Rule 4 limits the compensation of the attorney engaged while it is in effect. It does not, in this case, define total compensation.
Accordingly, the fund available for the fees of both the present attorney and the former attorney is 50% of the net settlement (gross settlement less disbursements). The shares of the disbarred lawyer and the present attorney in this sum must be related to the nature of the services performed by each and his contribution to the outcome (Podbielski v. Conrad, 286 App. Div. 1040; Reubenbaum v. B. & H. Express, 6 A D 2d 47). Absent agreement, the fee of the disbarred lawyer is to be fixed in quantum meruit; that portion of the fee payable to his successor cannot exceed the successor’s fee under the sliding scale.
The disbarred lawyer incurred out-of-pocket disbursements of $196 which are not disputed; no disbursements by the successor attorney have been itemized. The services described by the disbarred lawyer do not appear unusual and the court notes that he placed the case on the calendar at a time when preference requirements were less stringent than at present. The court also recognizes that the necessary repreparation of the ease for trial (occasioned by a four-year calendar delay) was more onerous for the present attorney than it might have been for the lawyer who organized the matter in the first instance. Considering all the elements, the compensation of the disbarred lawyer is fixed at $540, plus his disbursements of $196.
The successor attorney has not described his services or those of his trial counsel in sufficient detail to permit their evaluation. His compensation (concerning which no relief has been sought) may be determined by him and plaintiff in accordance with these comments or by appropriate agreement between them.